IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE HOLLMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv349 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert Wayne Hollman, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The Court referred the matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in light of the applicable law and the record in this matter.

Before considering the objections, the court notes movant has filed a motion asking that the undersigned be recused from this action. Movant complains about the delay in adjudicating this matter and notes that several cases that were filed after this case and assigned to the undersigned have already been ruled upon.

Under 28 U.S.C. § 455(a), "any ... judge of the United States shall disqualify himself in an proceeding in which his impartiality might reasonably be questioned." Under 28 U.S.C. § 455(b), recusal is also appropriate when a judge has a personal bias or prejudice against a party. However, a judge is not required to recuse himself because of rulings against a party. *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). Nor does a delay in ruling on a matter require recusal. *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 847-48 (D.C. Cir. 1995); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.

1994); *West v. United States*, 994 F.2d 510, 512 (8th Cir. 1993). As movant's motion relies soley on the undersigned's failure to issue a ruling in this matter, and contains no allegations of personal bias, the motion is without merit. The motion for recusal is therefore **DENIED**.

Movant complains of a conviction for conspiring to possess with the intent to distribute 50 grams or more, but less than 500 grams, of a Schedule II controlled substance. He asserts his counsel was ineffective for: (1) failing to object to the breach of the plea agreement and (2) failure to object to the lack of a sufficient factual basis for the plea of guilty.

With respect to the first ground for review, the Magistrate Judge concluded that an agreement between the parties based on an offer the federal prosecutor made in a letter dated February 12, 2013, as modified by an email sent by the federal prosecutor on March 12, 2013, was not breached. With respect to the second ground for review, the Magistrate Judge concluded there was a sufficient factual basis for movant's plea.

Initially, movant objects to the Magistrate Judge's description of his first ground for review. He states he actually asserted that he was denied due process of law and effective assistance of counsel because the government breached its promise not to prosecute him and counsel failed to object. Movant further asserts that the agreement he reached with the government was a non-prosecution agreement rather than a plea agreement. Finally, movant disagrees with the Magistrate Judge's conclusion that the agreement was not breached.

As outlined in the Report and Recommendation, movant was arrested by state authorities and charged with two state offenses. The federal prosecutor offered to forego federal prosecution based upon the same conduct if certain conditions were met. As a result, the agreement reached by the parties in this matter could perhaps be more appropriately characterized as a non-prosecution agreement, rather than a plea agreement. However, whether the agreement is described as a non-prosecution agreement or a plea agreement, the analysis is, for all practical purposes, the same. The government is considered to have breached a plea agreement if its conduct is not consistent with the parties' reasonable understanding of the agreement. *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1999). "[T]he government is not permitted to breach its part of a plea agreement in such

a way that frustrates the defendant's reasonable expectations under the plea agreement." *Id*. With respect to a non-prosecution agreement, if a defendant lives up to his end of the bargain, the government is bound to perform its promises. *United States v. Castaneda*, 162 F.3d 832, 835 (5th Cir. 1998). Under either agreement, if a defendant performs his part of the agreement, the government is required to perform its part.

After considering the arguments raised by the parties, the court agrees with the Magistrate Judge's conclusion that the government did not breach the agreement between the parties. As modified by the federal prosecutor's March 12 e-mail, the government agreed to forego federal prosecution if movant entered pleas of guilty to both state charges and received the maximum sentences.[1] Movant only pled guilty to one of the state charges, with the other charge being dismissed. Further, the sentence movant received as a result of the state conviction was less than the maximum sentence of two years incarceration. As movant did not perform his obligations under the agreement, the government's failure to perform its obligations did not constitute a breach of the agreement.[2] As a result, the government's failure to perform its obligations did not deprive movant

---

[1] Movant objects to the conclusion that the March 12 e-mail modified the agreement between the parties and states he fulfilled his obligations under the government's original offer. First, movant states he never personally saw the March 12 e-mail. Second, movant asserts the federal prosecutor further modified the agreement in an April 3 e-mail which movant states merely required that he take care of the state cases. With respect to movant's first point, he does not assert that his counsel failed to receive the email from the federal prosecutor. It was sufficient for the federal prosecutor to communicate her modification of her offer to movant's counsel. With respect to movant's second point, his description of the federal prosecutor's statement is incorrect. The federal prosecutor did not state movant was merely required to take care of the state charges, which could perhaps imply the requirement that movant plead guilty to both state charges and receive the maximum sentences had been dropped. Instead, the e-mail reads, in full, as follows: "Did you take care of the state cases yet? I spoke to the new ADA yesterday and told her that you had e-mailed me that you would resolve your cases there this week. Please let me know if these will be resolved or if we need to move forward." An inquiry by the federal prosecutor regarding whether the case had been taken care of could not reasonably be deemed a modification of her offer. Accordingly, the April 3 e-mail did not further modify the agreement between the parties.

[2] Movant also objects that the requirement that he plead to both charges and receive the maximum sentences was unenforceable and indicates that a mutual mistake was made by the parties. He asserts the state prosecutor offered only one plea agreement, which only required him to enter a plea of guilty to one of the state offenses. He further states it was impossible for him to control the sentence imposed by the state court. However, even if the state plea offer only required movant to plead to one offense, he could nevertheless have entered open pleas of guilty to both state offenses. In addition, while it would have been difficult to control what sentence the state court imposed, movant does not assert he attempted to make the state court aware that he needed to receive the maximum sentence in order to fulfill an agreement under which the United States agreed to forego federal prosecution. While this might has been unusual, it would have at least been a good faith effort to fulfill his objections. Even if it would have been unusual for movant to have pled to both charges, when the state was only requiring him to plead to one, and request the maximum sentence, the fact remains that the United States did not receive what it sought in exchange for not prosecuting movant–pleas of guilty to both state charges and maximum sentences.

of due process of law and counsel was not ineffective for failing to object to a non-existent breach.

Movant also asserts there was an insufficient factual basis for his plea. He states that the Factual Basis and Stipulation stated he had been identified as a co-conspirator with others named in an indictment other than the one returned against him. He states that as a result, the court was not in a position to know who the co-conspirators were and how he conspired with them. However, the Magistrate Judge correctly found that the Factual Basis and Stipulation was much more detailed than movant describes and that the transcript of the guilty plea hearing stated that the court had also provided over the case resulting from the other indictment and was familiar with the defendants in that case. As a result, the court agrees with the Magistrate Judge's conclusion that there was a sufficient factual basis for movant's plea and that counsel was therefore not ineffective for failing to object on that basis..

## ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.),

*cert. denied*, 531 U.S. 849 (2000).

In this case, the movant has not shown that the grounds for review raised are subject to debate among jurists of reason. In addition, the questions presented in the motion to vacate are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this **15** day of **March, 2016.**

_____
Ron Clark, United States District Judge